■ ANDREW WEINSTOCK, Appellant, v JOHN L. GOLDWATER et al., Respondents, et al., Defendants. — In a shareholder's derivative action seeking, *inter alia,* a declaration that a corporate policy of defendant Archie Enterprises, Inc., is "null and void", plaintiff appeals from an order of the Supreme Court, Nassau County (Velsor, J.), dated May 8, 1981, which denied his motion for summary judgment and granted defendants-respondents' cross motion for summary judgment dismissing the complaint on the basis of prematurity. Order affirmed, with $50 costs and disbursements. We find under the circumstances of this case that Special Term did not abuse its discretion in dismissing the complaint as being premature. Damiani, J. P., Mangano, Gulotta and Niehoff, JJ., concur.

■ ANN V. WERNER, Respondent, v OTTO V. WERNER, Appellant, et al., Defendants. (And a Second Action.) — In a partition action, defendant Otto V. Werner appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated December 22, 1981, which denied his motion, *inter alia,* to set aside a partition sale. Order modified, on the law, by adding after the words "motion is, therefore, denied in its entirety", the following: "except plaintiff's nominee, Leonard Golditch, is enjoined from prosecuting the summary proceeding to recover possession until a deed is issued to the purchaser at the judicial sale." As so modified, order affirmed, without costs or disbursements. The record provides no basis to declare that the judicial sale of the property was improper and should be declared void. However, no summary proceeding to recover possession may be brought by the purchaser until a deed is executed and delivered (RPAPL 721, subd 3). Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.